07-3197-ag
Chen v. Holder

BIA
Morace, IJ
A098 775 949

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand ten.

PRESENT:
          JOHN M. WALKER, JR.,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

SAI YING CHEN,
          *Petitioner*,

          v.                                07-3197-ag
                                            NAC
ERIC H. HOLDER, JR.,[1] ATTORNEY GENERAL
OF THE UNITED STATES, AND DEPARTMENT OF
JUSTICE,
          *Respondents*.

_____

FOR PETITIONER:          Bruno Joseph Bembi, Hempstead, New
                         York.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

**FOR RESPONDENTS:** Gregory G. Katsas, Acting Assistant Attorney General, Linda Wernery, Assistant Director, Sarah Maloney, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED** in part and DISMISSED in part.

Sai Ying Chen, a native and citizen of China, seeks review of the June 29, 2007 order of the BIA: (1) affirming the October 3, 2005 decision of Immigration Judge ("IJ") Philip L. Morace pretermitting her application for asylum and denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"); and (2) denying her motion to remand. *In Sai Ying Chen*, No. A098 775 949 (B.I.A. June 29, 2007), *aff'g* No. A098 775 949 (Immig. Ct. N.Y. City Oct. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we lack jurisdiction to review the IJ's decision insofar as it pretermitted as untimely

Chen's application for asylum.  *See* 8 U.S.C. § 1158(a)(3). While we retain jurisdiction to review constitutional claims and "questions of law," *id.* § 1252(a)(2)(D), Chen has made no such argument.  Rather, Chen challenges the probative weight the IJ assigned to evidence she submitted, a matter largely within the IJ's discretion.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). The balance of Chen's arguments misinterpret both the regulations and the agency's decision.  We lack jurisdiction to review such frivolous arguments even when they purport to be "questions of law."  *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40, 41 n.6 (2d Cir. 2008); *see also* 8 U.S.C. § 1158 (a)(3).  We therefore dismiss these aspects the petition for review.

In addition, Chen waived any challenge to the agency's denial of her application for withholding of removal and CAT relief.  Although her brief reiterates the standards for each, that does not constitute a meaningful challenge.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Lastly, we review for abuse of discretion the BIA's denial of Chen's motion to remand.  *Li Yong Cao v. Dep't of*

3

*Justice,* 421 F.3d 149, 151 (2d Cir. 2005)*; see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Contrary to Chen's arguments, the BIA did not abuse its discretion in declining to remand her case based on the U.S. Department of State's 2005 Country Report on Human Rights Practices ("2005 Country Report") and our decision in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir. 2006). Chen's brief quotes portions of these two sources, but does not explain how they impact her eligibility for relief. Further, as the BIA noted, the 2005 Country Report does "not reflect that it is more likely than not [that she] would be persecuted on account of a protected ground." *See Matter of J-H-S-,* 24 I. & N. Dec. 196, 200 (BIA 2007); *Matter of J-W-S-,* 24 I. & N. Dec. 185 (BIA 2007). Finally, Chen fails to acknowledge that both the agency and this Court have since considered the documents addressed in *Shou Yung Guo v. Gonzales* and found that they do not demonstrate an alien's *prima facie* eligibility for relief. *Jian Hui Shao v. Mukasey*, 546 F.3d at 138; *Matter of J-H-S-,* 24 I. & N. Dec. at 200; *Matter of J-W-S-,* 24 I. & N. Dec. at 185.[2]

---

[2] Chen failed to respond to our order permitting the parties to file letter briefs addressing the relevance of *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008) to this case.

Accordingly, the BIA did not abuse its discretion in denying Chen's motion to remand.  *See Cao,* 421 F.3d at 151; *Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is **DENIED** in part and **DISMISSED** in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


_____

5